UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC dba MR. COOPER,<br><br>Plaintiff,<br><br>v.<br><br>SNOWDOWN HOMEOWNERS ASSOCIATION, CORPORATION,<br><br>Defendants. | Case No. 3:17-cv-00646-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Nationstar Mortgage, LLC's ("Nationstar") motion for summary judgment (ECF No. 28). The Court has reviewed Defendant Snowdown Homeowners Association's ("HOA") response (ECF No. 31) as well as Nationstar's reply (ECF No. 36).

Additionally before the Court is the HOA's motion for summary judgment (ECF No. 32). The Court has reviewed Nationstar's response (ECF No. 35). No reply was filed.

The Court grants Nationstar's motion for summary judgment based on 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") and accordingly denies the HOA's motion for summary judgment as moot.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Jefferson Campbell ("Borrower") executed a note ("Note") and first deed of trust ("DOT") that was recorded on June 11, 2004, in exchange for a loan in the amount of $130,000 ("the Loan") to purchase real property ("Property") located within the HOA at 8331 Tramway Drive #6, Stateline, NV 89449. (ECF No. 28 at 4-5.)

The Federal National Mortgage Association ("Fannie Mae") purchased the Loan in August 2004 and thereby obtained a property interest in the DOT. (*Id.* at 5.)

The beneficial interest in the DOT was assigned to various entities and eventually to Nationstar on July 26, 2012. (*See id.*)

The Borrower failed to pay HOA assessments, and the HOA's agent recorded a lien for delinquent assessments, a notice of default and election to sell, and a notice of foreclosure sale. (*Id.* at 7.) The sale ("HOA Sale") took place on February 19, 2013, and the HOA acquired the Property. (*Id.*)

Fannie Mae owned the DOT at the time of the HOA Sale, and Nationstar was Fannie Mae's contractually authorized loan servicer. (*Id.* at 5.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### IV. NATIONSTAR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28)

Nationstar argues that the Federal Foreclosure Bar protects Fannie Mae's interest in the DOT. (ECF No. 28 at 9.) The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *See id.* at 933.

The first two factors are satisfied because the Court grants Nationstar's request for judicial notice (ECF No. 28 at 8) of the following: (1) facts derived from recorded documents; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters

of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

The third factor—whether Fannie Mae possessed an enforceable property interest at the time of the HOA Sale—is also satisfied because it is undisputed. (*See* ECF No. 28 at 5; *see generally* ECF No. 31 (failing to dispute this fact).)

Thus, the Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

The HOA argues that the FHFA's failure to consent to extinguishment of Fannie Mae's interest, "in conjunction with the lack of due process or procedural safeguards in [the Federal Foreclosure Bar] or in any procedures adopted by [the FHFA]," violated the HOA's procedural due process rights. (ECF No. 31 at 10-11.) To obtain relief on a procedural due process claim, the plaintiff must establish the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The HOA contends that it has a protectable property interest in the superpriority portion of its lien and that the Federal Foreclosure Bar deprived the HOA of the ability to foreclose on that lien. (ECF No. 31 at 7-8.) But Nationstar argues that the Federal Foreclosure Bar does not impair the HOA's ability to foreclose on the superpriority portion of its lien. (ECF No. 36 at 2.) The Court agrees with Nationstar. The Federal Foreclosure Bar does not prohibit or delay a homeowners association's foreclosure—it merely preserves the federal property interests following the foreclosure. *See Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1154 (D. Nev. 2015) ("The HOA's lien, which attached prior to FHFA's placing of Fannie Mae into conservatorship, is not extinguished by section

4617(j)(3) and does not lose its priority status, so the HOA is not deprived of its property interest."). The HOA further argues that the Federal Foreclosure Bar creates an indeterminate delay in the foreclosure process (ECF No. 31 at 9-10), but the Court agrees with Nationstar that the Federal Foreclosure Bar imposes no delay at all (*see* ECF No. 36 at 4). The HOA was free to foreclose on the superpriority portion of its lien once it complied with all state law obligations.

Accordingly, the Court grants Nationstar's motion for summary judgment.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nationstar's motion for summary judgment (ECF No. 28), seeking judgment in its favor on its quiet title and declaratory relief claims, is granted. The Court declares that the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the HOA's interest in the property is subject to the DOT.

It is further ordered that the HOA's motion for summary judgment (ECF No. 32) is denied as moot.

It is further ordered that the Clerk of the Court enter judgment in favor of Nationstar and close this case.

DATED THIS 5th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE